**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

DONALD SCHREIBER,

        Plaintiff,

v.

AUTONATION, INC.,

        Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONALD SCHREIBER, by and through his undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, AUTONATION, INC., and states the following:

### NATURE OF ACTION

1. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

### THE PARTIES

1. Defendant is an automotive retailer.

2. Defendant's principal place of business is in Fort Lauderdale, Florida.

3. At all material times hereto, Defendant had annual sales revenues in excess of $500,000.00, and had two or more employees handling, selling or working on goods or materials that have moved in or were produced for commerce.

4.      Defendant sells automobile in numerous other states (as well as in Florida), thereby conducting its business operations across state lines, affecting interstate commerce.

5.      Accordingly, at all times material hereto, Defendant was an "enterprise engaged in commerce" as defined by the FLSA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 (federal question jurisdiction) and 29 U.S.C. §216(b) (FLSA).

7.      Venue is appropriate in this Court, as the violations complained of occurred in Fort Lauderdale, Florida.

## FACTS OF CASE

8.      Plaintiff was employed by Defendant as a Customer Relations Manager at Defendant's Ford dealership at 1333 N. Federal Highway in Fort Lauderdale.

9.      Plaintiff's job involved fielding inquiries from prospective customers, either by telephone or through Internet leads, and then trying to persuade the prospective customer to come in for an appointment to meet with a salesperson.

10.     Previously, Plaintiff had a similar job in which he worked on Internet leads only.

11.     In neither job did Plaintiff actually sell vehicles. Plaintiff did not show the vehicle to the customer or negotiate prices with the customer, and he was not present or involved in the sale of the vehicle.

12.     Plaintiff regularly worked six days per week and averaged about 62 hours of working time. In particular, Plaintiff worked about 11 hours per day five days per week (from 8:30 a.m. to 7:30 p.m., working through lunch) and 7 hours on Sunday (working through lunch).

13.     Plaintiff earned an hourly wage plus commissions.

14.     Plaintiff received some overtime wages, but his overtime rate was not calculated to include his commissions, as required by the FLSA.

15.     Additionally, any overtime hours that were shown on Plaintiff's timesheets were grossly underreported because Plaintiff's supervisors pressured him not to record many overtime hours.

16.     In fact, the schedules posted by Plaintiff's direct supervisor routinely and explicitly instructed Plaintiff to "p/o [punch out] early" but continue working past his punch-out time.

17.     Consistent with this practice, the General Sales Manager told Plaintiff to "work as many hours as you want," as long as Plaintiff did not record all his hours worked.

18.     The records, if any, concerning the hours worked by Plaintiff are in the possession and custody of Defendant.

19.     The records concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

20.     Plaintiff has retained the undersigned counsel to represent him in this action.

<u>COUNT I</u>
<u>FAILURE TO PAY OVERTIME COMPENSATION – FLSA VIOLATION</u>

21.     Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22.     Pursuant to the FLSA, Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

23.     Defendant knowingly and willfully failed to pay Plaintiff time and one-half of his regular rate of pay for all hours worked in excess of forty (40) per week.

24.     By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, which he is entitled to recover.

25.     As a result of Defendant's willful violations of the FLSA, Plaintiff is also entitled to recover liquidated damages.

26.     Pursuant to 29 U.S.C. §216(b), Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of overtime wages, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

4

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on the above claims.

Respectfully submitted,

***/s/Richard Tuschman***
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
2nd E-mail: assistant@gtemploymentlawyers.com
**GOODZ & TUSCHMAN, PLLC**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938
*Attorney for Plaintiff*